United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-50337
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRUZ ALBERTO MARTINEZ, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-01-CR-21-1

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cruz Alberto Martinez, Jr. appeals his conviction for possession with intent to distribute marihuana and cocaine in violation of 21 U.S.C. 21 841(a)(1). Martinez's arrest and conviction followed an investigation that included the monitoring of his cellular telephone, as authorized by a wiretap order issued

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by a United States district judge pursuant to 18 U.S.C. § 2510(7). Martinez, arguing that the affidavits submitted to obtain that authorization neither supported a finding of probable cause nor established that a wiretap was necessary, contends that the district court erred in denying his motion to suppress the wiretap and the evidence obtained therefrom.

Although in our review of the denial of a motion to suppress we generally resolve the question of probable cause *de novo* as a matter of law *where* all the relevant underlying facts are undisputed, *see United States v. Portillo-Aguirre*, 311 F.3d 647, 651–652 (5th Cir. 2002), we review the decision to authorize a wiretap for clear error. *United States v. Tomblin*, 46 F.3d 1369, 1376 (5th Cir. 1995). Thus, where the judge issuing a wiretap order "uses common sense and bases her finding on the entire picture presented to her, our review is limited," and that judge's "determination is conclusive in the absence of arbitrariness." *United States v. Gonzales*, 866 F.2d 781, 786 (5th Cir. 1989) (quoting *United States v. Weinrich*, 586 F.2d 481, 487 (5th Cir. 1978)).

The affidavits of FBI agents Michael LaPlante and Dennis Kintigh constitute a substantial basis for the district court's probable cause determination, and the court's decision was not arbitrary. *See United States v. Gonzales*, 866 F.2d 781, 786 (5th Cir. 1989). The Government adequately showed that "normal

2

investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(3)(c); *see also United States v. Webster*, 734 F.2d 1048, 1055 (5th Cir. 1984).

AFFIRMED.